IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| DONNA JUNE ENRIGHT, | ) | Cause No. CV 07-35-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JO ACTON, Warden, Montana State Prison;) | | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On July 28, 2006, Petitioner Donna June Enright moved to proceed in forma pauperis with

this action for a writ of habeas corpus under 28 U.S.C. § 2254.  The motion was granted in a separate

Order (doc. 8).  Petitioner is a state prisoner proceeding pro se.  The Court has jurisdiction over the

action pursuant to 28 U.S.C. §§ 1331, 2241, and 2254.

**I. Application of the Federal Statute of Limitations**

On April 10, 2007, Petitioner was ordered to show cause why she failed to timely file her

federal petition.  She filed a response on April 30, 2007.

As the Court previously explained to Petitioner, under the Antiterrorism and Effective Death

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254.  In this case, the limitations period began to run on the date Petitioner's conviction became "final" in state court.  *Id*. § 2244(d)(1)(A).  That occurred on March 28, 2001, ninety days after the Montana Supreme Court affirmed her conviction in the second trial.  *See State v. Enright*, 16 P.3d 366 (Mont. 2000); S. Ct. R. 13(1), (3); *Clay v. United States*, 123 S. Ct. 1072 (2003); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding, as to direct appeal, that federal statute of limitations does not begin to run until petitioner's time for filing petition for *certiorari* review in United States Supreme Court expires).  Accordingly, Petitioner had to file in this Court on or before March 28, 2002.

The one-year period is suspended while a "properly filed application for State post-conviction or other collateral review" is pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner filed a petition for postconviction relief in the Tenth Judicial District Court on March 22, 2002.  Time remained tolled until the Montana Supreme Court affirmed the trial court's denial of postconviction relief on May 16, 2006.[1]  Petitioner had six days remaining to file her federal petition.  Her deadline for filing was May 22, 2006.  She did not file her federal habeas petition until July 28, 2006, sixty-seven days too late.

Although the Court may raise the statute of limitations issue in its preliminary screening, it must also give a pro se petitioner an opportunity to respond.  *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  Petitioner was duly advised that she might be entitled to equitable tolling if she

---

[1]  As *Lawrence v. Florida*, __ U.S. __, 127 S. Ct. 1079 (2007), made clear, there is no ninety-day period to petition for *certiorari* review following a state court's final ruling on a postconviction petition.  *See Lawrence*, 127 S. Ct. at 1083.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

demonstrated that extraordinary circumstances beyond her control made it impossible for her to file her federal petition on or before May 22, 2006.  *See Calderon v. United States Dist. Court* ("*Beeler*"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), *overruled on other grounds by Calderon v. United States Dist. Court* ("*Kelly IV*"), 163 F.3d 530 (9th Cir. 1998) (en banc).  She was also advised that she has the burden of proof regarding her entitlement to equitable tolling.  *See, e.g., Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001) (citing *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and *Herbst*, 260 F.3d at 1041-42).

## II. Equitable Tolling

Given a recent decision by the United States Supreme Court, it is now more questionable than ever whether equitable tolling applies to habeas petitions governed by 28 U.S.C. §§ 2254 and 2244(d).  *See Bowles v. Russell*, __ U.S. __, 127 S. Ct. 2360, 2364-65 (2007) (characterizing "statutory time limits" as "jurisdictional" and affirming dismissal of notice of appeal filed three days late in reliance on a judge's order); *see also Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted," and other sections, including § 2244, "inform our authority to grant such relief as well.").

However, the law in the Ninth Circuit is that equitable tolling applies.  *See, e.g.*, *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

> A habeas petitioner . . . should receive an evidentiary hearing when [s]he makes a good-faith allegation that would, if true, entitle [her] to equitable tolling. [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

*Id*. (internal emphasis, quotations, brackets, and ellipsis omitted).  Additionally, "the person seeking

equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." *Id.* at 971 (quoting *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

In this case, Petitioner had only six days remaining on the clock when the Montana Supreme Court ruled. This, by itself, was not an "extraordinary circumstance," nor was it "an unusual obstacle beyond her control." *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). Petitioner unquestionably knew of the one-year federal statute of limitations. She drafted documents for her brother, Roy Link, when he filed his habeas petition in 2004, and she responded to this Court's order to show cause in that case why the petition was not time-barred. *See* Pet'r Answer re: Federal Statute of Limitations at 3, *Link v. Mahoney*, No. CV 04-09-GF-SEH-CSO (D. Mont. filed May 5, 2004).[2] *Compare Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *see also id.* at 1149 (Tashima, J., concurring) (noting that "inability to learn and be guided by . . . critically important procedural rules" might warrant equitable tolling of the limitations period). Petitioner does not claim that she was unable to discover or fulfill any "critically important procedural rule" as a result of her limited access to the law library. She had at least two years to calculate how much time had already run against her before she filed her state postconviction petition. She could and should have been prepared to hit the ground running when the Montana Supreme Court ruled.

Instead, Petitioner failed to act with reasonable diligence following the Montana Supreme Court's ruling. She states, and her exhibits show, that she did not request access to the law library

---

[2] A court may take judicial notice of its own records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

until June 6, 2006, which was already fourteen days too late to meet the filing deadline.  Neither her exhibits nor her brief indicates that she apprised prison officials of the short deadline she was facing.  Limited access to a law library is not an "extraordinary circumstance."  A prisoner's access to the prison library usually is limited and is readily foreseeable.  Petitioner's exhibits show that she knew "all [computer-generated] documents had to be erased at the end of each session" in the law library.  *See* Resp. to Order to Show Cause (doc. 10-2) at 4 (statement of Alice Bridget Maloney, inmate law clerk).  Her loss of computer-generated documents was neither extraordinary nor unforeseeable.  Petitioner admits, as well, that she could work on her petition in her cell.  *See id.* (doc. 10) at 4, ¶ 6.  The petition itself is handwritten, which is perfectly acceptable.  *See* Pet. (doc. 1), *passim*.

Finally, Petitioner signed her petition on July 15, 2006.  She did not sign the memorandum in support of her petition until July 25, 2006.  Both documents arrived together.  The petition could have been filed at least ten days before it was.

Even if all of Petitioner's allegations in her response to the order to show cause are true, she is still not entitled to equitable tolling.  The circumstances under which she worked were not extraordinary, were not beyond her control, and were not real obstacles to her ability to timely file.  Moreover, she did not demonstrate reasonable diligence.  She should have known she had only six days to file after the Montana Supreme Court ruled, yet she insisted on making multiple trips to the law library, not for the purpose of learning how to file a federal habeas petition but for the purpose of using a word processor.  If equitable tolling applies here, the application of AEDPA's statute of limitations is entirely in the hands of the petitioners who are required to comply with it.  The petition should be dismissed with prejudice as time-barred.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

### III. Certificate of Appealability

#### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if she does not establish that she will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in her favor. *Id*.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

**B. Discussion**

Although this Court believes Petitioner's case is distinguishable from others in which the Ninth Circuit has applied equitable tolling, it is similar. Moreover, *Bowles v. Russell* appears to undermine or at least advise additional restrictions on the doctrine of equitable tolling. For these reasons, a certificate of appealability should be granted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

The petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred. A certificate of appealability should be GRANTED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days[3] of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

written objections may bar a de novo determination by the district judge.

Petitioner must immediately inform the Court of any change in her mailing address. Failure

to do so may result in dismissal of the case without notice.

DATED this 28th day of June, 2007.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8